IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONNIE O. BROWN,

    Plaintiff,                        No. CIV S-08-1467 GGH P

    vs.

DIRECTOR CDCR, et al.,

    Defendants.                  <u>ORDER</u>

_____/

        On July 23, 2008, the court found that the original complaint stated a colorable claim for relief and ordered plaintiff to submit documents necessary to effect service. On August 15, 2008, plaintiff submitted these documents. However, on August 21, 2008, plaintiff filed an amended complaint. Accordingly, the court will screen the amended complaint.

        The amended complaint includes nine claims. In claims one and two plaintiff alleges that he was removed from state prison by the Los Angeles County Sheriff's Department without regard for his ongoing need for mental health treatment. Plaintiff appears to claim that defendant Hubbard, Director of the California Department of Corrections (CDCR), and William Sullivan, Warden of California State Prison-Tehachapi, are liable for not ensuring that he receive mental health treatment following his transfer. Plaintiff contends that defendants implemented a policy that did not ensure that transferred inmates receive their medication.

1

In claim three, plaintiff alleges that while housed at North Kern State Prison he received contaminated food.  In claim four, plaintiff appears to allege that he was wrongly denied a job due to a disability by prison officials at North Kern State Prison.  In claim five, plaintiff alleges that defendant Hubbard maintains his trust account in violation of his right to due process.  In claim five, plaintiff also claims that defendant Hubbard and Lydia Hense, Warden at North Kern State Prison, do not provide him with adequate supplies to groom himself.

In claim six plaintiff alleges that defendant Hense implemented a mail policy that violated plaintiff's right to access the courts.  In claim seven, plaintiff alleges that he was injured at Chino Institution for Men while taking a shower.  Plaintiff alleges that defendant Hubbard and defendant Poulos, Warden at Chino, are responsible for the condition which caused him to fall.  In claim eight, plaintiff alleges that defendants Williams and Barker followed a policy that prevent indigent inmates from mailing clothes home.  Finally, in claim nine plaintiff alleges that defendant Baca, Los Angeles County Sheriff, denied him his prescribed medication.

Fed. R. Civ. P. 18(a) provides: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime as the party has against an opposing party."  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  "Unrelated claims against different defendants belong in different suits[.]" Id.

It is true that Fed. R. Civ. P. 20(a) provides that "[a]ll persons ...may be joined in one action as defendants if there is asserted against them jointly, severally , or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all will arise in the action."  However, "[a] buckshot complaint that would be rejected if filed by a free person–say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a

1  debt, and E infringed his copyright, all in different transactions–should be rejected if filed by a
2  prisoners." Id. at 607.

3        Plaintiff's amended complaint includes unrelated claims regarding conditions at
4  three different prisons and the Los Angeles County Jail.  Pursuant to George v. Smith, supra,
5  plaintiff may not proceed with these unrelated claims regarding different prisons in this action.
6  Accordingly, the complaint is dismissed with leave to amend.  If plaintiff files a second amended
7  complaint, he may only include claims against one prison.

8        The court also observes that plaintiff is challenging conditions at prisons that are
9  not located in the Eastern District of California.  However, because plaintiff has named CDCR
10 Director as a defendant, some of plaintiff's claims may be raised here.  If plaintiff files a second
11 amended complaint, the court will evaluate whether venue is appropriate in the Eastern District
12 based on plaintiff's claims against defendant CDCR Director.

13       Accordingly, IT IS HEREBY ORDERED that plaintiff's amended complaint filed
14 August 21, 2008, is dismissed with thirty days to file a second amended complaint.

15 DATED:  10/06/08

      /s/ Gregory G. Hollows

16 

      UNITED STATES MAGISTRATE JUDGE

17 

18 br1467.ord