# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE O. BROWN, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:08-cv-01467-PMP-GWF |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| DIRECTOR CDCR, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff's Second Amended Complaint (#17), filed on October 23, 2008.

## BACKGROUND

On June 25, 2008, Plaintiff filed his Complaint (#1) against Defendant Director of the California Department of Corrections and Rehabilitation ("CDCR") pursuant to 42 U.S.C. § 1983 claims. After reviewing the Complaint (#1), the Court found that Plaintiff stated cognizable claims for relief against Defendant CDCR. *See Order (#9)*. The Court stated that Plaintiff may proceed forthwith to serve Defendant CDCR and ordered Plaintiff to submit the documents necessary to effect service. *Id.* On August 15, 2008, Plaintiff submitted these documents. *See Order (#15)*. However, on August 21, 2008, Plaintiff filed an Amended Complaint (#13). After reviewing the Amended Complaint (#13), the Court found that Plaintiff did not state a cognizable claim against any Defendant as Plaintiff's claims included unrelated claims regarding conditions at the Los Angeles County Jail and three (3) other prisons not located in the Eastern District of California. *Id.* The Court dismissed Plaintiff's claim with leave to amend. *Id.* The Court stated in Order (#15) that "if plaintiff files a second amended complaint, he may only include claims against one prison." *Id.*

As a general rule, an amended complaint supersedes the prior pleading, the latter being treated as non-existent. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Additionally, Local Rule 15-220 requires that an amended complaint must be complete in itself without reference to any prior pleading. Once the second amended complaint is filed, both the original complaint and the first amended complaint no longer serve any function is this case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff filed his Second Amended Complaint (#17), in compliance with Order (#15).  The Court will now proceed with the screening of the Plaintiff's Second Amended Complaint (#17) pursuant to 28 U.S.C. §1915A.

Plaintiff alleges that he is legally blind and was accepted into a substance abuse program while he was housed at the reception facility upon his transfer to the California medical facility.  Plaintiff alleges that he was advised by Defendant Ms. Vaden, CDCR counselor, that she would not recommend Plaintiff be allowed to complete a drug and alcohol treatment program because Plaintiff is blind and deaf.  Plaintiff also alleges that Defendant Suszann Hubbard, CDCR secretary, does not allow visually impaired persons to participate in the program.  Plaintiff alleges that Defendant Hubbard did not obey a court order requiring Plaintiff be housed in an American with Disabilities Act ("ADA") facility. Plaintiff alleges that Defendant Hubbard recklessly maintained the prison at which Plaintiff was housed. Plaintiff alleges that the roof of the prison flooded, which caused the ceiling to collapse and cause injury to his head, neck, back, and shoulders.  Plaintiff further alleges that he required surgery as a result of his injuries.

## DISCUSSION

Although Plaintiff alleges a violation of his constitutional rights pursuant to 42 U.S.C. § 1983, the Court finds that Plaintiff's allegations, construed liberally, are actions pursuant to the ADA.  The Court will therefore proceed with Plaintiff's Second Amended Complaint (#17) under Title II of the ADA.

Title II of the ADA applies to inmates in state prison. *Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997).  In order to state a claim of disability discrimination under Title II of the ADA, a plaintiff must allege four elements: (1) he is an individual with a disability; (2) he is otherwise qualified

to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).  Here, the Court finds that Plaintiff has alleged a sufficient claim of disability under Title II of the ADA.  Plaintiff alleges that he is an individual with disabilities (visually impaired).  Plaintiff alleges that Defendants Vaden and Hubbard refused to allow Plaintiff to a substance abuse treatment because of this disabilities.  Thus, the Court finds that Plaintiff's Second Amended Complaint (#17) states a cognizable claim for relief pursuant to 28 U.S.C. § 191A(b).

The screening of Plaintiff's Second Amended Complaint (#17) has been completed pursuant to 28 U.S.C. §1915A.  Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court file Plaintiff's Second Amended Complaint (#17).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide to Plaintiff a blank summons, a copy of the pleading filed October 23, 2008, two (2) USM-285 forms and instructions for service of process on Defendants Vaden and Hubbard.  Within 20 days of service of this Order, Plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and three (3) copies of the endorsed October 23, 2008, complaint.  The Court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4.  Defendants Vaden and Hubbard will be required to respond to Plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).

DATED this 10th day of February, 2009.

_____
**GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE**